# EXHIBIT "i"

EXHIBIT "i"

Electronically Filed
01/06/2017 05:06:57 PM

CLERK OF THE COURT

**COMP**
Alex J. De Castroverde
Nevada Bar No. 6950
Orlando De Castroverde
Nevada Bar No. 7320
**DE CASTROVERDE LAW GROUP**
1149 South Maryland Pkwy
Las Vegas, NV 89104
Tel:  702.383.0606
Fax: 702.383.8741
Email: alex@decastroverdelaw.com
Email: orlando@decastroverdelaw.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

MARINA CABALLERO,

    Plaintiff,

v.

BODEGA LATINA CORPORATION d/b/a El Super; DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,

    Defendants.

CASE NO.: A-17-749268-C
DEPT NO.:  XIII

**COMPLAINT**

Comes Now, Plaintiff MARINA CABALLERO, by and through her attorneys of record, Alex De Castroverde and Orlando De Castroverde, and complains against Defendant as follows:

### Jurisdiction and General Allegations

1. All the events alleged in this Complaint took place in Clark County, Nevada.

2. Plaintiff, MARINA CABALLERO (hereinafter referred to as "Plaintiff"), is, and at all times mentioned in this Complaint was, a resident of Clark County, Nevada.

3. Upon information and belief, Defendant, BODEGA LATINA CORPORATION d/b/a El Super, ("Defendant"), is, and at all times mentioned in this Complaint was, a foreign corporation doing business in Clark County, Nevada.

1

4. The true names and capacities of the Defendants DOE I through X and the Defendants ROE I through X are unknown to Plaintiff at this time. Therefore, Plaintiff sues these Defendants by such fictitious names and when their true names and capacities are ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff believes each of these Defendants designated as a DOE or ROE is responsible in some manner for the injuries and damages suffered by Plaintiff.

## Specific Allegations

5. On or about July 30, 2015, Plaintiff was a patron at the El Super located at 2021 East Lake Mead Blvd. in North Las Vegas, NV, 89030.

6. While walking in the produce department, Plaintiff slipped on a wet substance on the floor and fell.

7. Upon information and belief, the wet substance on the floor was water.

8. There were no signs or other objects warning of the wet substance.

9. The flooring was not appropriate for its intended use.

10. As a result of the slip and fall, Plaintiff suffered bodily injury, pain and suffering.

## First Cause of Action – Negligence

11. Plaintiff re-alleges paragraphs 1 through 10 as though fully set forth herein.

12. Defendant owed Plaintiff a duty to maintain its premises in a reasonably safe condition and to warn customers of dangerous conditions.

13. By creating or permitting a dangerous condition to exist on its premises and failing to warn of such condition, Defendant breached that duty.

14. As a proximate result of that breach, Plaintiff has suffered damages, which include but are not limited to bodily injury, past and future medical specials, past and future pain and suffering, and mental anguish.

**Second Cause of Action – Negligent Hiring, Training, Supervision, and Retention**

15. Plaintiff re-alleges paragraphs 1 through 14 as though fully set forth herein.

16. Defendant had a duty to adequately hire, train, supervise, and retain its employees and/or other persons and/or entities responsible for the inspection of the Property to ensure that a safe environment was provided for its invitees and/or licensees.

17. Defendant breached its duty in that it failed to hire responsible employees, failed to train its employees to keep the premises safe for customer use, failed to supervise its employees, and retained employees that displayed unsafe practices.

18. These failures led to Defendant's employees failing to recognize a slip and fall hazard, failing to remedy the hazard, and failing to warn customers of the hazard.

19. These failures proximately led to Plaintiff's slip and fall and resulting injuries.

**Third Cause of Action—Vicarious Liability/Respondeat Superior**

20. Plaintiff re-alleges paragraphs 1-19 as though fully set forth herein.

21. Employers, masters, and principals are vicariously liable for the torts committed by their employees, servants, and agents if the tort occurs while the employee, servant or agent was acting in the course and scope of employment.

22. Accordingly, pursuant to N.R.S. 41.130, Defendant is vicariously liable for the damages caused by its employees' actions and negligence, further

3

encompassing the actions of those hired by Defendant to maintain the premises and equipment. N.R.S. 41.130 states as follows:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for the conduct of the person causing the injury, that other person or corporation so responsible is liable to the person injured for damages.

23. Defendant was the employer, master, and principle of the remaining Defendants and other employees, agents, independent contractors and/or representatives who negligently failed to inspect, maintain and warn of dangerous conditions in and about the common walkways on the property.

## Conclusion

Plaintiff has been required to retain the services of an attorney to prosecute this action.

**WHEREFORE**, Plaintiff, expressly reserving the right to amend this Complaint, prays for judgment against Defendant as follows:

1. General damages in excess of $15,000;
2. Special damages in excess of $15,000
3. Attorney's fees and costs;
4. Interest at the statutory rate; and

//

//

4

5. For such other and further relief as the Court deems just and proper.

DATED: 4 January 2017.

**DE CASTROVERDE LAW GROUP**

By: _____
Orlando De Castroverde
Nevada Bar No. 7320
Alex De Castroverde
Nevada Bar No. 6950
Kimberly Valentin
Nevada Bar No. 12509
1149 S. Maryland Parkway
Las Vegas, Nevada 89104
*Attorneys for Plaintiff*

5

1  IAFD
   Orlando De Castroverde
2  Nevada Bar No. 7320
   Alex De Castroverde
3  Nevada Bar No. 6950
   **DE CASTROVERDE LAW GROUP**
4  1149 South Maryland Parkway
   Las Vegas, Nevada 89104
5  tel. 702.383.0606
   fax 702.383.8741
6  Attorneys for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| MARINA CABALLERO, | CASE NO.: |
| --- | --- |
| Plaintiff, | DEPT NO.: |
| v. | **INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)** |
| BODEGA LATINA CORPORATION d/b/a EL Super; DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

MARINA CABALLERO                                                            $270.00

**TOTAL REMITTED:**                                                         **$270.00**

DATED this 9th day of January, 2017.

By: _/s/ Carlos Blumber_
Orlando De Castroverde
Nevada Bar No. 7320
Carlos Blumber
Nevada Bar No. 7607
1149 South Maryland Parkway
Las Vegas, Nevada 89104
702.383.0606
Attorney for Plaintiff

# DISTRICT COURT CIVIL COVER SHEET

_____ County, Nevada

Case No. A-17-749268-C   Dept XIII
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| MARINA CABALLERO | BODEGA LATINA CORPORATION d/b/a EL SUPER |
| | DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| De Castroverde Law Group | |
| 1149 South Maryland Parkway | |
| Las Vegas, Nevada 89104 | |
| 702.383.0606 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☒ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

January 6, 2017                                                        [signature]

Date                                                          Signature of initiating party or representative

*See other side for family-related case filings.*