**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MARINA CABALLERO,

           Plaintiff,

vs.

BODEGA LATINA CORPORATION d/b/a EL SUPER,

           Defendant.

Case No. 2:17-cv-00236-JAD-VCF

**ORDER**

PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE (ECF NO. 13)

      This matter involves Plaintiffs Marina Caballero's personal injury case from an alleged slip and fall against Defendant Bodega Latina Corporation d/b/a El Super ("Bodega"). Before the Court is Caballero's Motion to Extend Discovery Deadlines (ECF No. 13). Bodega filed a Response to Caballero's Motion to Extend Discovery Deadlines (ECF No. 14), and Caballero filed a Reply (ECF No. 16). For the reasons stated below, Caballero's Motion is granted.

### I. LEGAL STANDARD

      Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders. It states that "[a] schedule may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4); *see also* 6A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 1522.2, 312-13 (3d ed. 2010) ("What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case."). In the context of Rule 16, good cause is measured by diligence. *See Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607-09 (9th Cir. 1992)); *see also* 6A Wright et al., *supra*, § 1522.2, 313-14 (3d ed. 2010) ("In general, if the party seeking relief

can show that the deadlines cannot reasonably be met despite the party's diligence, relief may be given."). The rule permits modification of a scheduling order, but only if the existing deadlines cannot be met despite the diligence of the party seeking the extension. *Id*. Prejudice to the opposing party may be considered, but where the movant fails to show diligence, the Court's inquiry must end. *See id*.; *see also* 6A Wright et al., *supra*, § 1522.2, 313-14 (3d ed. 2010) ("[r]elief may be granted if the court finds that the movant has not unduly delayed the action and that the opponent will not be prejudiced by the modification.").

Local Rule 26-4 supplements Federal Rule 16. It states:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause … A motion or stipulation to extend a discovery deadline … must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
>
> (d) A proposed schedule for completing all remaining discovery

*See* Local Rule 26-4.[1] The "good cause" standard outlined in LR 26-4 is the same as the standard governing modification of the scheduling order under Fed. R. Civ. P. 16(b)(4). The Court has broad

---

[1] LR IA 6-1(a) and (b) state:

> (a) A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline

discretion in supervising the pretrial phase of litigation. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Scheduling orders are critical to the Court's management of its docket. *See Mammoth Recreations, Inc.*, 975 F.2d at 610 ("Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."). The Court is charged with securing "the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. Delay frustrates this command. The Ninth Circuit has emphasized that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See Mammoth Recreations, Inc.*, 975 F.2d at 610.

## II. DISCUSSION

Caballero's Motion is granted because she has met her burden to show good cause. Caballero filed the instant motion on June 26, 2017, seeking to extend the following deadlines:

| | |
|---|---|
| Amend Pleadings | July 31, 2017 |
| Interim Status Report | August 28, 2017 |
| Discovery Cut-off | October 27, 2017 |
| Expert Disclosures | August 28, 2017 |
| Rebuttal Expert Disclosures | September 27, 2017 |
| Dispositive Motions | November 27, 2017 |

---

the court granted … A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. Immediately below the title of the motion or stipulation there also must be a statement indicating whether it is the first, second, third, etc., requested extension, i.e.: STIPULATION TO EXTEND TIME TO FILE MOTIONS (First Request).

(b) The court may set aside any extension obtained in contravention of this rule.

3

Joint Pretrial Order                December 27, 2017

*See* ECF Nos. 13 at 7; 9 at 3-4.

Caballero's Motion complies with Local Rule 26-4 to a sufficient extent. The motion contains (1) a statement specifying the discovery completed; (2) a specific description of the discovery that remains to be completed; (3) the reasons why the deadline was not satisfied or the remaining discovery not completed within the time set by the discovery plan; and (4) a proposed schedule for completing all remaining discovery. *See* ECF Nos. 11 at 6-7; 13 at 5-7.

Caballero's motion states that an extension is needed due a "pending discovery dispute with [Bodega]" about requests for the production of documents and interrogatories. *See* ECF No. 13 at 3, 5. On June 21, 2017, Caballero filed a motion to compel production of information pertaining to "prior and subsequent incidents at Defendant's store, its employee files for the employees involved in the incident, and policy changes implemented in response to Plaintiff['s] fall." *See* ECF No. 16 at 3. That motion to compel is currently pending before this Court. *See* ECF No. 11. Caballero claims that she needs that information "to adequately prepare for, notice, and obtain Defendant's Rule 30(b)(6) witness testimony." *Id*.

Bodega's response argues that "there is adequate time for Plaintiff to conduct any needed discovery," because "four months of discovery remain before discovery expires." *See* ECF No. 14 at 5-6. Bodega also argues that it "has produced … relevant portions of the responsive documents," including safety policies and procedures. To be sure, Caballero does argue in her motion that the discovery dispute primarily involved production of Bodega's safety policies and procedures for purposes of deposing Bodega's Rule 30(b)(6) witness. *See* ECF Nos. 13 at 5 ("Due to the above-described discovery dispute and Plaintiff's need for the discovery sought to accurately Notice and Depose Defendant's Rule 30(b)(6)

witness regarding Defendant's safety policies and procedures; good cause exists …."); 11 at 7 ("Defendant has refused to produce its written slip and fall prevention and investigation policies and procedures.").

Although Bodega appears to have produced written slip and fall prevention and investigation policies and procedures, Caballero argues that "much of the information sought has been withheld." *See* ECF No. 16 at 3. Caballero acknowledges that the discovery cutoff date remains three and half months away. But she argues that other discovery deadlines are quickly approaching, including the initial expert deadline due August 28, 2017. And Caballero claims that she needs to depose Bodega's 30(b)(6) witness and "that [the] deposition transcript must be provided to any liability expert well before the close of the initial expert deadline."

The Court finds that Caballero has met her burden to show good cause. Bodega does not argue that it will be prejudiced by the modification. In light of the above, the Court finds that an extension of the discovery deadlines by 60 days is appropriate; and not the requested 90 days.

/ / /

/ / /

/ / /

5

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiffs Marina Caballero's Motion to Extend Discovery Deadlines (ECF No. 13) is GRANTED.

IT IS FURTHER ORDERED that the following deadlines apply:

| | |
|---|---|
| Amend Pleadings | September 18, 2017 |
| Interim Status Report | October 27, 2017 |
| Discovery Cut-off | December 26, 2017 |
| Expert Disclosures | October 27, 2017 |
| Rebuttal Expert Disclosures | November 26, 2017 |
| Dispositive Motions | January 26, 2018 |
| Joint Pretrial Order | February 25, 2018 |

IT IS SO ORDERED.

DATED this 21st day of July, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE