## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### ***

MARINA CABALLERO,

                    Plaintiff,

vs.

BODEGA LATINA CORPORATION d/b/a EL
SUPER,

                    Defendant.

Case No. 2:17-cv-00236-JAD-VCF

**ORDER**

PLAINTIFF'S MOTION TO COMPEL DISCOVERY
(ECF No. 11).

        Before the Court is Plaintiff Marina Caballero's Motion to Compel Discovery (ECF No. 11).
Defendant Bodega Latina Corporation d/b/a El Super ("Bodega") filed a Response to Caballero's Motion
to Compel Discovery (ECF No. 15), and Caballero filed a Reply (ECF No. 17). For the reasons stated
below, Caballero's Motion is granted in part and denied in part.

### I. BACKGROUND

        This case arises out of a slip and fall accident that allegedly occurred on July 30, 2015, in one of
Bodega's El Super grocery stores in North Las Vegas. *See* ECF No. 1-2 at 2. Caballero alleges that, as
she was walking in the produce department looking for a plastic bag to put vegetables in, she slipped on
a wet substance on the floor and fell, sustaining injuries. *See id*.; *see also* ECF No. 15-2 at 3-4. Caballero
filed a complaint against Bodega in Nevada district court alleging claims for (1) negligence; (2) negligent
hiring, training, supervision, and retention; and (3) vicarious liability/respondeat superior. *Id*. at 2-3.

        As part of discovery, on February 23, 2017, Caballero served Bodega with requests for the
production of documents ("RFP") under Fed. R. Civ. P. 34 and Interrogatories under Fed. R. Civ. P. 33.
*See* ECF Nos. 11-1; 11-2. Bodega objects to three RFPs and two interrogatories. *See* ECF No. 11 at 3-6
(providing disputed topics). The parties attempted to resolve their dispute without court action, but were

1

unable to do so.  *See* ECF No. 11 at 7.  On June 21, 2017, Caballero filed its Motion to Compel Discovery presently before the Court.

## II. LEGAL STANDARD

In December 2015, Fed. R. Civ. P. 26(b)(1) was amended.  Under the new rule, the scope of permissible discovery is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*See* Fed. R. Civ. P. 26(b)(1).  To be discoverable under Fed. R. Civ. P. 26(b)(1), information must be (1) "relevant to any party's claim or defense" and (2) "proportional to the needs of the case."

### A. Relevancy

Under the first prong of this test, for information to be discoverable, it must be "relevant to any party's claim or defense."  *Id.*  The 2015 amendments did not change this language from the previous version.  *See In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 563 (D. Ariz. 2016).

But other parts of Fed. R. Civ. P. 26(b)(1) were changed.  Under the previous version of Fed. R. Civ. P. 26(b)(1)—before the 2015 amendments—inadmissible evidence was discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence."  Many litigators—and some judges too—used this language to define the scope of discovery.  *See, e.g.*, *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) ("Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992))).  The 2015 amendments, however, deleted that phrase from Fed. R. Civ. P. 26(b)(1) and replaced it with language that better represents the phrase's

original intent: "Information within this scope of discovery need not be admissible in evidence to be discoverable." *See* Fed. R. Civ. P. 26(b)(1). As explained in the Advisory Committee Note to the 2015 amendment to Rule 26(b)(1):

> The former provision for discovery of relevant but inadmissible information that appears "reasonably calculated to lead to the discovery of admissible evidence" is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the "reasonably calculated" phrase to define the scope of discovery "might swallow any other limitation on the scope of discovery." The 2000 amendments sought to prevent such misuse by adding the word "Relevant" at the beginning of the sentence, making it clear that "relevant" meant within the scope of discovery as defined in this subdivision ...." The "reasonably calculated["] phrase has continued to create problems, however, and is removed by these amendments.

*See* Fed. R. Civ. P. 26, Advis. Comm. Notes for 2015 Amends.; *see also* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 2008 (3d ed. 2010); 6 James Wm. Moore, *Moore's Federal Practice*, § 26.43 (3d ed. 2017). Thus, the 2015 amendments deleted the "reasonably calculated" language from Rule 26(b)(1), and litigants need to "remove it from their jargon." *See Fischer v. Forrest*, No. 14 Civ. 1304-PAE-AJP, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017).

But old habits die hard. *See In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. at 563; *see also* Mark Twain, *Pudd'nhead Wilson* (1894) ("Habit is habit, and not to be flung out of the window by any man, but coaxed downstairs a step at a time."). Indeed, many lawyers and courts continue to use the "reasonably calculated" phrase from the earlier version of Fed. R. Civ. P. 26(b)(1). This is improper and, going forward, the test is not—not—whether information is "reasonably calculated to lead to admissible evidence," but whether evidence is "relevant to any party's claim or defense." *See id.; see also* 6 Moore, *supra*, § 26.43 ("discovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery."); *Fischer*, 2017 WL 773694, at *1 ("The December

1, 2015 amendments to the Federal Rules of Civil Procedure are now 20 months old. It is time for all counsel to learn the now-current Rules and update their "form" files.").

**B. Proportionality**

Under the second part of the Fed. R. Civ. P. 26(b)(1) test, to be discoverable, information must be "proportional to the needs of the case." The 2015 amendments added the proportionality requirement for permissible discovery—relevancy alone is no longer sufficient. When determining whether discovery is "proportional to the needs of the case," the Court must examine the information requested in light of six factors: "[1] the importance of the issues at stake in action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

The party seeking discovery does not alone carry the burden to prove proportionality. *See* Fed. R. Civ. P. 26, Advis. Comm. Notes for 2015 Amends. ("[The Amendment] does not change the existing responsibilities of the court and the parties to consider proportionality, and the change does not place on the party seeking discovery the burden of addressing all proportionality considerations."). Rather, the amendment imposes a collective burden on "[t]he parties and the court … to consider the proportionality of all discovery and consider it in resolving discovery disputes." *See id.*; *see also* 6 Moore, *supra*, § 26.42.

The proportionality inquiry, thus, requires input from both sides. *See In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. at 564-65. As explained in the Advisory Committee Note to the 2015 amendment to Rule 26(b)(1):

> A party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination. A party claiming that a request is important to resolve the

4

issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

*See* Fed. R. Civ. P. 26, Advis. Comm. Notes for 2015 Amends.

Fed. R. Civ. P. 26(b)(2)(C) further limits discovery. It requires the Court to limit the frequency or extent of discovery if the Court determines that the discovery sought is (1) "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3) "the proposed discovery is outside the scope of Rule 26(b)(1)." *See* Fed. R. Civ. P. 26(b)(2)(C). In deciding whether to restrict discovery under Fed. R. Civ. P. 26(b)(2)(C), the Court "should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *See Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 602 (D. Nev. 2016) (quoting *Smith v. Steinkamp*, 2002 WL 1364161, at \*6 (S.D. Ind. May 22, 2002)). Courts, thus, have a "duty to pare down overbroad discovery requests under Rule 26(b)(2)." *See Rowlin v. Alabama Dep't. of Pub. Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001).

Fed. R. Civ. P. 26 gives the Court broad discretion to "tailor discovery narrowly and to dictate the sequence of discovery." *See Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). Active involvement of courts is encouraged, and, indeed, necessary "to prevent discovery from becoming a war of attrition or … a device to coerce a party, whether financially weak or affluent." *See Roberts*, 2016 WL 123320, at \*6.

**C. Motion to Compel Standard**

If a party resists discovery, the requesting party may file a motion to compel. *See* Fed. R. Civ. P. 37(a)(1), (a)(3)(B)(iii)-(iv) ("A party seeking discovery may move for an order compelling an answer, [or]

5

production … if … (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents … as requested under Rule 34."). The motion must include a threshold showing that the requested information falls within the scope of discovery under Rule 26. *See Sanhueza v. Lincoln Technical Instiute, Inc.*, 2014 WL 6485797, at \*2 (D. Nev. Nov. 18, 2014) (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). The party opposing discovery has the burden of showing that the discovery is, among other things, irrelevant, overly broad, or unduly burdensome. *See Fosbre v. Las Vegas Sands Corp.*, 2016 WL 54202, at \*4 (D. Nev. Jan. 5, 2016) (citing *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-54 (S.D. Ind. 2000)). To meet this burden, the objecting party must specifically detail the reasons why each request is objectionable. *See Fosbre*, 2016 WL 54202, at \*4.

### III. DISCUSSION

The parties present three issues: (1) whether Bodega must provide information about all slip and fall incidents in its grocery store for the five years preceding the date of the subject incident and all slip and fall incidents since?; (2) whether Bodega must produce the entire employee files for all employees Bodega identified in its responses to Caballero's interrogatories or in its Rule 26 list of witnesses?; and (3) whether Bodega must produce all documents related to any policy changes it made as a result of the subject incident? Each issue is discussed below.

### A. Slip and Fall Incidents

Caballero's RFP Nos. 14 and 15 and Interrogatories 8 and 9 seek information from Bodega about all slip and fall incidents in the El Super grocery store where Caballero fell for the five years preceding the date of the incident involving Caballero, July 30, 2015, and all slip and fall incidents since. Caballero's RFP Nos. 14 and 15 and Interrogatories 8 and 9 state, in their entirety, the following:

REQUEST NO. 14:

Please produce reports for all slip and falls in your Store for the five (5) years preceding the date of the subject incident.

RESPONSE TO REQUEST NO. 14:

Objection. Request No. 14 is vague and ambiguous as to the term "slip and falls." The request is overbroad and is insufficiently limited in time or scope. The request is not calculated to lead to the discovery of admissible evidence. See Eldorado Club v. Graff, 78 Nev. 507, 377 P.2d 174 (1962). The burden of the request outweighs the value of any responsive records.

REQUEST NO. 15:

Please produce reports for all slip and falls in your Store since the subject incident.

RESPONSE TO REQUEST NO. 15:

Objection. Request No. 15 is vague and ambiguous as to the term "slip and falls." The request is not calculated to lead to the discovery of admissible evidence.  See Eldorado Club v. Graff, 78 Nev. 507, 377 P.2d 174 (1962). The burden of the request outweighs the value of any responsive records.

INTERROGATORY NO. 8:

Please list all known slip and fall incidents at your store, in the five (5) years preceding the incident. For each such incident, please state:

      a) Name of the case, parties, attorney, date of incident;
      b) Nature of injury or claim;
      c) Description of the occurrence;
      d) Whether a complaint was filed;
      e) Outcome of the case or disposition of claim.

ANSWER TO INTERROGATORY NO. 8:

Objection. Interrogatory No. 8 is vague and ambiguous to the term "incidents." Interrogatory No. 8 is also overbroad and not limited in time or scope. Defendant further objects because the Interrogatory is compound. The interrogatory is not calculated to lead to the discovery of admissible evidence. See Eldorado Club v. Graff, 78 Nev. 507, 377 P.2d 174 (1962). The burden of the interrogatory outweighs the value of any response.

INTERROGATORY NO. 9:

Please list all known slip and fall incidents at your store, since Plaintiff's incident. For each such incident, please state:

> a) Name of the case, parties, attorney, date of incident;
> b) Nature of injury or claim;
> c) Description of the occurrence;
> d) Whether a complaint was filed;
> e) Outcome of the case or disposition of claim.

ANSWER TO INTERROGATORY NO. 9:

OBJECTION. Interrogatory No. 9 is vague and ambiguous to the term "incidents." Interrogatory No. 8 is also overbroad and not limited in time or scope. Defendant further objects because the Interrogatory is compound. The interrogatory is not calculated to lead to the discovery of admissible evidence. See Eldorado Club v. Graff, 78 Nev. 507, 377 P.2d 174 (1962). The burden of the interrogatory outweighs the value of any response.

*See* ECF Nos. 11-4 at 6; 11-5 at 4-5.

To begin, a brief review of Fed. R. Civ. P. 33 and 34 is warranted. Under Fed. R. Civ. P. 33, interrogatories may relate to any matter that may be inquired into under Rule 26(b). *See* Fed. R. Civ. P. 33(a)(2). If an interrogatory is not objected to, it must be "answered separately and fully in writing under oath." *See* Fed. R. Civ. P. 33(b)(3). Answers must be "complete, explicit and responsive." *See Nat'l Union Fire Ins. Co. v. Sharp Plumbing*, Case No. 2:09-cv-783-GMN-GWF, 2012 WL 2502748 at* 2 (D. Nev. June 27, 2012). Answering an interrogatory by referencing information contained in declarations, pleadings, or other discovery responses is not proper. *Id.* (ordering party to supplement its interrogatory answers when the party's original answers referred to declarations and other discovery responses). The grounds for "objecting to an interrogatory must be stated with specificity." *See* Fed. R. Civ. P. 33(b)(4). Boilerplate, generalized objections are not adequate and tantamount to making no objection at all. *See Collins v. Landry's Inc.*, Case No. 2:13-cv-1674-JCM-VCF, 2014 WL 2770702 at* 3 (D. Nev. June 17, 2014).

Under Fed. R. Civ. P. 34, a "party may serve on any other party a request within the scope of Rule 26(b)" to produce documents, electronically stored information, or tangible things "in the responding party's possession, custody, or control." *See* Fed. R. Civ. P. 34(a); *see also Fischer*, 2017 WL 773694, at *1 ("Federal Rules of Civil Procedure were amended effective December 1, 2015, and one change that affects the daily work of every litigator is to Rule 34."). A party objecting to a request for production must state its objection with specificity. *See* Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must … state with specificity the grounds for objecting to the request, including the reasons."), (b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."); *see also Fischer*, 2017 WL 773694, at *1 ("responses to discovery requests must: [1] State grounds for objections with specificity; [2] An objection must state whether any responsive materials are being withheld on the basis of that objection; and [3] Specify the time for production and, if a rolling production, when production will begin and when it will be concluded."). "[B]oilerplate objections are disfavored." *See EnvTech, Inc. v. Suchard*, Case No. 3:11-cv-523-HDM-WGC, 2013 WL 4899085 at *5 (D. Nev. Sept. 11, 2013) (internal citations omitted); *see also A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006); *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) ("[B]oilerplate objections that a request for discovery is 'over[broad] and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence,' persist despite a litany of decisions from courts … that such objections are improper unless based on particularized facts.") (citation omitted).

Caballero's RFP Nos. 14 and 15 and Interrogatories 8 and 9 seek information about slips and falls from one El Super grocery store—located at 2021 East Lake Mead Blvd. in North Las Vegas, Nevada— for the five years preceding the date of the incident and all slips and falls since. Bodega objects to these

9

requests and interrogatories on the grounds that they are overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case considering, *inter alia*, the burden of the proposed discovery compared to its benefit. *See* ECF No. 15 at 6-9.

To be discoverable, information must be "relevant to any party's claim or defense." Caballero's complaint alleges three claims: (1) negligence (2) negligent hiring, training, supervision, and retention; and (3) vicarious liability/respondeat superior.[1] *See, e.g.*, *Klasch v. Walgreen Co*., 127 Nev. 832, 837, 264 P.3d 1155, 1158 (2011) ("To prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages."); *Okeke v. Biomat USA, Inc*., 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013) (noting that to state a claim for negligent hiring, training, supervision, and retention under Nevada law, a movant must show (1) a general duty on the employer to use reasonable care in the hiring, training, supervision, or retention of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation.).

A "business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *See FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012) (quoting *Sprague v. Lucky Stores, Inc*., 849 P.2d 320, 322 (Nev. 1993)). Where a foreign substance causing a slip and fall is made to be on the floor by the business owner or one of its employees or agents, then "liability will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care." *See id*.; *see also* ECF No. 15-2 at 4 ("an employee … told me that he had noticed the water on the floor… [and that] the water came from a

---

[1] Bodega removed the case to Federal Court on January 27, 2017, based on diversity jurisdiction. Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *See Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Although the Federal Rules of Evidence ordinarily govern in diversity cases, "where a state evidence rule is 'intimately bound up' with the rights and obligations being asserted, *Erie* … mandates the application of a state rule in a diversity suit." *See Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir. 1995) (quoting *D'Orio v. West Jersey Health Systems*, 797 F.Supp. 371, 376 (D. N.J. 1992)); *see also Smith v. Wal-Mart Stores, Inc*., No. 2:13-cv-1597-MMD-VCF, 2014 WL 2770691, at *3 (D. Nev. June 17, 2014). The Nevada Supreme Court's decisions bind this Court when interpreting Nevada state law. *See Bergerud v. Progressive Cas. Ins*., 453 F.Supp. 2d 1241, 1246 (D. Nev. 2006).

pallet of vegetables which was recently moved from the location, leaving moisture and water residue. The employee also told me he had made his manager aware of the mess, but the manager told him to finish another task before drying the water."); *Worth v. Reed*, 79 Nev. 351, 353-55, 384 P.2d 1017, 1018-19 (1963). Alternatively, where a foreign substance causing a slip and fall results from "the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it." *See FGA, Inc*., 278 P.3d at 496.

Bodega argues that Caballero's requests seek information that is not relevant. *See* ECF No. 15 at 7. As a general matter, evidence that a temporary dangerous condition had occurred on numerous occasions in the past would help establish that a defendant had actual or constructive notice of its probable recurrence. Similarly, evidence that foreign substance was on the floor on numerous other occasions makes it more likely that such matter was on the floor at the time of, and caused, a plaintiff's injury. Courts differ, however, as to whether such evidence is admissible for these purposes. Many courts admit such evidence, accepting its relevance to show that the store did not have adequate procedures to avoid such a problem. Other courts, emphasizing the temporary nature of the condition, bar such evidence. Nevada courts fall into the latter.

Bodega directs the Court to *Eldorado Club, Inc. v. Graff*, a case decided by the Nevada Supreme Court. *See Eldorado Club, Inc. v. Graff*, 78 Nev. 507, 511, 377 P.2d 174, 176 (1962). Relying on *Eldorado Club, Inc*., Bodega argues that prior slip and falls involving wet substances are not relevant to show notice. *See* ECF No. 15 at 7. This is so, Bodega claims, because the wet substance at issue here is temporary, not permanent or continuing. *Id*.; *but see Asmussen v. New Golden Hotel Co*., 80 Nev. 260, 262, 392 P.2d 49, 50 (1964) ("we perceive a clear distinction in the law between a 'slip and fall' caused by litter, debris, (*Wagon Wheel v. Mavrogan*, 78 Nev. 126, 369 P.2d 688; *Eldorado Club v. Graff*, 78 Nev.

507, 377 P.2d 174), water (*Worth v. Reed*, 79 Nev. 351, 384 P.2d 1017), or some other foreign substance upon a floor.").

In *Eldorado Club, Inc.*, the plaintiff, a business invitee, was maneuvering a hand truck carrying two 100-pound sacks of potatoes down an inclined ramp leading from an alley to the Eldorado Club Inc.'s receiving room. *See Eldorado Club, Inc.*, 78 Nev. at 508-09, 377 P.2d at 175. During this task, the plaintiff stepped on a lettuce leaf on the ramp which caused him to slip and fall. The plaintiff sued Eldorado Club, Inc. for personal injuries sustained, claiming negligence. *Id.* at 508-09, 377 P.2d at 175. At trial, the court admitted evidence that on two separate occasions another individual had slipped and fallen on the same ramp because of a "smear or wet spot" or a "lettuce leaf or some green leafy vegetable" was left on the ramp. *Id.*

The Nevada Supreme Court held that this was error. It stated:

> Surely, the existence of a wet spot and a lettuce leaf on the ramp on separate occasions in November of 1958 and the consequent slips and falls could not serve to notify the defendant of the presence of the lettuce leaf in question which caused Graff to slip and fall on January 3, 1959 … We hold, therefore, that where a slip and fall is caused by the temporary presence of debris or foreign substance on a surface, which is not shown to be continuing, it is error to receive "notice evidence" of the type here involved for the purpose of establishing the defendant's duty.

*Id.* at 510-11, 377 P.2d at 176.

Bodega argues that Caballero is seeking "prior incidents of slip and falls … to show notice." *See* ECF No. 15 at 7. Indeed, Caballero's motion states "[i]ncidents which occur both before and after the accident resulting in this injury are relevant and discoverable to show notice of the existence of a dangerous condition." *See* ECF Nos. 11 at 15; 17 at 4. The number of persons who have fallen in the past, according to Caballero, "placed [Bodega] on notice that its floors are overly slick when wet," "that

Defendant's cleaning policies and procedures are inadequate," and "helps to establish foreseeability of harm." *Id*. at 16.

Caballero's motion does not address whether Caballero's slip and fall was caused by the temporary presence of a foreign substance on a surface or was instead caused by a continuing or permanent condition. Although Caballero argues that Bodega's "floors are overly slick when wet" and that the "flooring was not appropriate for its intended use," the Court is inclined to agree with Bodega that Caballero's slip and fall was caused by a temporary condition—that is, the temporary presence of water on the floor—and not a continuing or permanent condition. *See* ECF Nos. 11 at 16; *see also* ECF No. 1-2 at 2. In Bodega's responses to Caballero's requests and interrogatories, Bodega specifically relies on *Eldorado Club, Inc*. to object. Bodega also relies on *Eldorado Club, Inc*. in its Response to Caballero's Motion to Compel. But Caballero's Motion to Compel and Reply fail to address the merits of *Eldorado Club, Inc*. and its impact on this case.

Caballero cites a legion of cases for the proposition that "incidents which occur both before and after the accident resulting in this injury are relevant and discoverable to show notice of a dangerous condition." *See* ECF Nos. 11 at 15; 17 at 4, n.1. These cases are not persuasive, and in some cases directly contradict Caballero's argument. For example, *S. Pac. Co. v. Watkins* involved a personal injury action against a railroad company as a result of a train-car collision at a railroad crossing. *See S. Pac. Co. v. Watkins*, 83 Nev. 471, 474-75, 435 P.2d 498, 500 (1967). The Supreme Court of Nevada held that "evidence of prior accidents is properly admitted to show notice of a dangerous *permanent* condition where the physical condition of the crossing as a proximate or concurring cause of the accident is in issue and there is prior admissible evidence tending to show the dangerous condition." *See Watkins*, 83 Nev. at 483, 486, 435 P.2d at 506, 508 (emphasis added).

In *Ginnis v. Mapes Hotel Corp.*, a business invitee, was caught in an automatic door which closed upon her while she was leaving the hotel, injuring her. *See Ginnis v. Mapes Hotel Corp.*, 86 Nev. 408, 410, 470 P.2d 135, 136 (1970). The plaintiff sued the hotel and manufacturer of the automatic door on four theories: negligence, implied warranty, res ipsa loquitur, and strict tort liability. *Id.* at 411, 470 P.2d at 136. The Supreme Court of Nevada first noted that "the lower court should have instructed upon the strict tort liability doctrine in this case." *Id.* at 415, 470 P.2d at 139. Under that doctrine, the Supreme Court of Nevada held that "evidence of subsequent, similar accidents involving the same door are relevant to causation and a defective and dangerous condition under that theory." *See Ginnis*, 86 Nev. at 415, 470 P.2d at 139.

*Reingold v. Wet 'N Wild Nevada, Inc.* involved a personal injury action against a water park for negligence. *See Reingold v. Wet 'N Wild Nevada, Inc.*, 113 Nev. 967, 969, 944 P.2d 800, 801 (1997), *overruled on other grounds by Bass-Davis v. Davis*, 122 Nev. 442, 452, 134 P.3d 103, 109 (2006) ("we overrule the portion of *Reingold* that equates willful suppression with destruction of records that, while deliberate, is not done with the intent to harm another party."). After riding a waterslide and landing in the catch pool at the bottom, plaintiff was walking toward the inclined edge of the pool, when he slipped and fell, sustaining injuries. *Id.* at 969, 944 P.2d at 801. The Supreme Court of Nevada held that "evidence of subsequent, similar accidents involving the same condition may be relevant on the issues of causation and whether there is a defective and dangerous condition," but "evidence of subsequent accidents may not be admitted to demonstrate a defendant's knowledge of the condition prior to the instant accident." *Id.* at 969-70, 944 P.2d at 802.

In *S. Pac. Co. v. Watkins*, *Ginnis v. Mapes Hotel Corp.*, and *Reingold v. Wet 'N Wild Nevada, Inc.*, the dangerous conditions were permanent or continuing in character (structural defect for example), not temporary and changeable in nature like in this case. The holding in *Ginnis v. Mapes Hotel Corp.*, in

14

addition, was in reference to a strict product liability claim, not a negligence claim.  When a dangerous condition is temporary or transitory in nature, as here, evidence of previous accidents is generally not admissible because "[i]t would be grossly unfair to demand immediate awareness of new peril."  *See Eldorado Club, Inc*, 78 Nev. at 511, 377 P.2d at 176; *see also Lologo v. Wal–Mart Stores, Inc*., No. 2:13-cv-1493-GMN-PAL, 2016 WL 4084035, at *9 (D. Nev. July 29, 2016) (Navarro, C.J.) (granting Wal-Mart's request to exclude all evidence of other slip-and-fall incidents or reports of incidents involving the temporary presence of debris or a foreign substance at the Wal-Mart store and noting that "the majority of evidence of other falls, incidents, or reports of incidents is irrelevant …."). Like the prior slips and falls in *Eldorado, Inc*., the information Caballero seeks could not serve to notify Bodega of the presence of the water that Caballero allegedly slipped on.

Relevancy under Fed. R. Civ. P. 26 is liberally construed.  To that end, discovery is ordinarily allowed under the concept of relevancy unless the information sought has no bearing on the claims and defenses of the parties.  But Caballero has not, at bottom, articulated a basis consistent with *Eldorado Club, Inc. v. Graff* for the Court to find that the discovery she seeks relating to prior slips and falls for the purpose of demonstrating, *inter alia*, how Bodega maintained the store, whether it knew or should have known about the alleged foreign substance that caused Caballero's slip and fall, and whether it took appropriate measures to protect its customers is "relevant to any party's claim or defense."  *See* Fed. P. Civ. P. 26(b)(1); *see also Smith*, 2014 WL 2770691, at *3-4.

Caballero's Motion to Compel Discovery for this topic is denied.  Because the Court finds that Caballero has not met her threshold burden to show the discovery she seeks to obtain is "relevant to any party's claim or defense," the Court need not address the proportionality requirement.

/ / /

/ / /

15

## B. Employee Files

Caballero's RFP No. 20 seeks employee files for certain employees.  RFP No. 20 states the following:

> REQUEST NO. 20:
>
> Produce the entire employee file for all employees identified in your responses to Plaintiff's Interrogatories, or in your NRCP 16.1 list of witnesses.  You may redact any information protected by [HIPAA].
>
> RESPONSE TO REQUEST NO. 20:
>
> Objection. Request No. 20 is overbroad.  NRCP 16.1 is inapplicable to this litigation in that the matter was removed to Federal Court. The records and information requested are private. The request is not reasonably calculated to lead to the discovery of admissible evidence. The burden of the request outweighs the value of any responsive records.

*See* ECF Nos. 11-4 at 9.

For this topic, Caballero's Motion to Compel is granted for two reasons.  First, Bodega's response to Caballero's requests consist of a paragraph of boilerplate objections.  The responses to RFP No. 20 stating that it is "overbroad," "records and information requested are private" "not reasonably calculated to lead to the discovery of admissible evidence," and "[t]he burden of the request outweighs the value of any responsive records" are meaningless boilerplate.  *See Burlington N. & Santa Fe Ry. Co. v. United States District for the District of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("[B]oilerplate objections … inserted in a response to a Rule 34 request for production of documents are insufficient …."); *see also* Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must … state with specificity the grounds for objecting to the request, including the reasons."); *EnvTech, Inc.*, 2013 WL 4899085 at *5 ("[B]oilerplate objections are disfavored."); *Collins*, 2014 WL 2770702 at* 3 ("Boilerplate, generalized objections are inadequate and tantamount to making no objection at all.").  Why is it private?  How is it overly broad?  Why is it burdensome?  This language tells the Court nothing.

Second, the Court finds that the discovery sought is relevant and proportional. Unlike in *Izzo v. Wal-Mart Stores, Inc.*, this case involves claims for (1) negligence (2) negligent hiring, training, supervision, and retention; and (3) vicarious liability/respondeat superior. *See Wilson v. Wal-Mart Stores, Inc.*, No. 2:15-cv-1791-RCJ-VCF, 2016 WL 526225, at *8 (D. Nev. Feb. 9, 2016) (Ferenbach, Mag.) (denying plaintiff's request for "[t]he employee file for every employee who is listed in the incident report" in part because plaintiff did not "allege that Wal-Mart was negligent in hiring or retaining any of its employees."). Caballero argues that information in the employee files, such as performance evaluations, job description information, and documents germane to discipline and training, "provide information about the capabilities and [performance of] the employees who responded to the scene of this incident." *See* ECF No. 11 at 17. In addition, Caballero asserts that the documents would provide information "about whether the employees who responded to the scene and investigated it were properly trained to do their jobs and whether they followed the training received." *Id*. This information, argues Caballero, is relevant to Caballero's claim for negligent hiring, training, supervision, and retention. *See* ECF No. 17 at 7.

Bodega argues that it has already produced information relating to whether the employees followed procedure on the date of the incident, such as a customer statement, customer accident information form, and sweep sheets. *See* ECF No. 15 at 10. As Caballero persuasively argues, however, this case involves a claim for negligent hiring, training, supervision, and retention which "necessarily encompasses information" about the employees' work history spanning more than the date of the incident. *See* ECF No. 17 at 7.

Bodega also claims that the "employee files include a substantial amount of information that is privileged and private and should be protected" such as "information about the employee's U.S. work status, Social Security Number, Tax Information, Insurance information, [and] Pay information ...." *See* ECF No. 15 at 10. To be sure, the requested employee files may contain some information that is not

17

relevant and confidential.  But it may also contain information that is relevant to the claims and defenses at issue in this case.

Bodega asserts that Caballero's "request would require an extensive search for the information as well as hours of time redacting irrelevant and private information."  *See* ECF No. 15 at 10.  But Bodega fails to argue with specificity or provide support for why Caballero's request would require an extensive search taking hours of employee time.  It appears that the employee files here would be limited to a few employees—i.e., Christina Vargas, Jose Bonilla, and Mario Fernandez.  *See* ECF No. 11 at 17. Nevertheless, in considering, among other things, the totality of the circumstances, the Court will limit the documents that Bodega must produce to documents in an employee's file related to "job description information, performance evaluations, training documents, acknowledgement of receipt of particular training or handbooks, manuals, and policies, and discipline documents" for the category of employees described in the request.  To the extent any information that Bodega must produce includes private information, Bodega may redact such information as appropriate.

**C. Policy Changes**

Caballero's RFP No. 24 seeks documents related to policy changes made as a result of the subject incident.  *See* ECF No. 11 at 18-19.  RFP No. 24 states the following:

> REQUEST NO. 24:
>
> Produce all documents related to policy changes made as a result of the subject incident.
>
> RESPONSE TO REQUEST NO. 24:
>
> Objection. Request No. 24 seeks evidence of subsequent remedial measures which are inadmissible to prove negligence. NRS 48.095. Thus, the information requested is not calculated to lead to the discovery of admissible evidence.

*See* ECF Nos. 11-4 at 10.

Bodega's objection on the ground that it seeks information about subsequent remedial measures in violation of Fed. R. Evid. 407 is overruled.  The scope of discovery under Fed. R. Civ. P. 26(b)(1) is not whether information is "reasonably calculated to lead to admissible evidence," but whether evidence is "relevant to any party's claim or defense."  *See* Fed. R. Civ. P. 26(b)(1); *see also In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. at 563; 6 Moore, *supra*, § 26.43 ("discovery of … information not admissible in evidence remains available so long as it is otherwise within the scope of discovery."); *Wilson*, 2016 WL 526225, at *5, n.3.  Further, Bodega's reliance on *McConnell v. Wal-Mart Stores, Inc.*, is not appropriate.  That case involved two motions in limine to obtain a ruling on the admissibility of evidence for trial purposes.  Admissibility is different than discoverability.  Whether Bodega did or did not actually "open the door" to the infeasibility of precaution measures misses the point.  That Bodega could argue the alleged infeasibility of precautionary measures is, at this stage, sufficient to show that the discovery Caballero seeks is "relevant to any party's claim or defense."  Therefore, Bodega must produce all documents related to policy changes made as a result of Caballero's slip and fall incident.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Marina Caballero's Motion to Compel Discovery (ECF No. 11) is GRANTED in part and DENIED part.

IT IS FURTHER ORDERED Defendant Bodega Latina Corporation d/b/a El Super's relevancy objections to Caballero's RFP Nos. 14 and 15, and Interrogatories numbers 8 and 9 are SUSTAINED.

IT IS FURTHER ORDERED Bodega's objections to RFP No. 20 are OVERRULED.  Bodega must produce documents responsive to this request that are related to "job description information, performance evaluations, training documents, acknowledgement of receipt of particular training or

handbooks, manuals, and policies, and discipline documents" on or before August 24, 2017.  To the extent this information includes private information, Bodega may redact such information as appropriate.

IT IS FURTHER ORDERED Bodega's objections to RFP No. 24 are OVERRULED.   Bodega must produce documents responsive to this request on or before August 24, 2017.

IT IS SO ORDERED.

DATED this 24th day of July, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE